## WHITTLESEY *et al. v.* ACME BREWING COMPANY.

Under paragraph 28 of section two of the general tax act of 1905 (Acts 1905, p. 30), where a brewing company which was engaged in the manufacture· of beer in this State paid the special tax imposed upon it in the county where its principal office was located, it was not liable also to pay an additional tax in another county of this State because it stored beer in such latter county and filled orders taken by an agency located therein.

Submitted July 18,—Decided December 20, 1906.

Injunction.     Before Judge Little.     Muscogee superior court. June 4, 1906.

The Acme Brewing Company filed its equitable petition against the tax-collector and sheriff of Muscogee county, seeking to enjoin the collection of an execution issued against it for a special tax. The application for injunction was submitted to the presiding judge upon the pleadings and an agreed statement of facts, which showed the following:   The plaintiff is a brewing company engaged in the brewing and manufacture of beer at Macon, Bibb county, ·Georgia, with its principal place of business located there.   It has established a branch office in Columbus, Muscogee county, from which it fills orders for beer when the territory in which they have been received is more convenient to its branch office than to its main office.   The plaintiff fills orders only from the product of its own brewery in Bibb county.   The beer used in filling orders by the branch office is stored in Muscogee county for that purpose, but it is brewed in Bibb county.   It is simply kept and stored in Muscogee county for more conveniently filling such orders as it receives from the neighboring territory.   Plaintiff has paid to the tax-collector of Bibb county $300, being the tax imposed by the first part of paragraph 28, section 2, of the general tax·act of 1905, upon every brewing company engaged in the business of brewing or manufacturing

beer.    It pays no tax in Muscogee county.    The tax-collector of that county has issued an execution, claiming that it is also liable for the payment of a special tax there, and such execution has been levied upon the property of the plaintiff.    The presiding judge granted the injunction, and the defendants excepted.

*John C. Hart, attorney-general,* and *S. P. Gilbert, solicitor-general,* for plaintiffs in error.

LUMPKIN, J.    (After stating the foregoing facts.)

Paragraph twenty-eight of section two of the general tax act of 1905 reads as follows: "Upon every brewing company engaged in the business of brewing or manufacturing beer, three hundred dollars for each plant or brewery in this State, and upon all other persons, firms, or corporations who are engaged in the sale of beer, whether on consignment or otherwise, who have not paid the tax as liquor dealers imposed by paragraph seventeen of this section, for each place of business, including all other persons, corporations, or agencies maintaining storage depots in this State for the sale of beer in kegs or barrels in each county where they do business, three hundred dollars."    The tax-collector contends that, under this section, a brewing company located in one county of this State which has paid the tax of $300 "for each plant or brewery," imposed in the first part of the foregoing section of the act, is also liable to pay $300 under the provisions of the latter part of the section, because of the storage of beer in another county, from which orders by an agent located there are filled.

The section of the act under consideration first lays a special tax of $300 upon each brewing company for each plant or brewery in this State.    It then levies a special tax of the same amount "upon all other persons, firms, or corporations who are engaged in the sale of beer, whether on consignment or otherwise, . . for each place of business, including all other persons, corporations, or agencies maintaining storage depots in this State," etc.    It is evident that, after referring to brewing companies, the expression "upon all other persons, firms, or corporations," refers to those other than such brewing companies.    This language divides the dealers in beer referred to into two classes, one comprising brewing companies, and the other dealers other than such companies.    When, later in the paragraph, and in connection with the second class of dealers just mentioned, the language is used, "including all other

14

persons, corporations, or agencies," it is evident that this includes such other persons, corporations, or agencies in the second class. Furthermore it says, "all other persons, corporations, or agencies." What does this mean? Persons, corporations, or agencies other than what? Having placed in one class brewing companies and in another class other persons, firms, or corporations who have not paid the liquor tax imposed in another paragraph, this paragraph then proceeds to include in the second class all other persons, corporations, or agencies maintaining storage depots. If the word "other," as here used after the word "including," was intended to contrast the persons, corporations, and agencies enumerated after it with the persons, firms, or corporations just previously enumerated in the class, then the effect of this language would be to create, first, a class comprising brewing companies; second, a class comprising all other persons, firms, or corporations than brewing companies engaged in the sale of beer and who have not paid the liquor tax previously imposed; and third, to include in this second class all persons, corporations, or agencies doing a storage business other than those already in the class; and those already in the class being other than brewing companies, the result would be that the persons included in the second class by the last part of the paragraph would be persons, corporations, or agencies "other" than those which are "other" than brewing companies. We do not think the legislature intended any such meaning, but that the expression "all other persons" following the word "including" has the same meaning as the identical words "all other persons" earlier in the paragraph, and thus is maintained the general classification already mentioned. This paragraph is substantially the same as that in the act of 1896 construed in *Smith* v. *State,* 109 *Ga.* 227, and *Acme Brewing Co.* v. *Fletcher,* Id. 463, except for the addition to the second class of the words, "including all other persons," etc., with which we have just dealt.

There was no error in granting the injunction.

> *Judgment affirmed. All the Justices concur.*